## ACEVEDO *v.* HEREDEROS DESCONOCIDOS DE RAFOLS.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 820.—Resuelto en junio 28, 1912.

HIJOS NATURALES—ACCIÓN DE RECONOCIMIENTO DE ACUERDO CON LA LEY 11 DE TORO—ALEGACIONES ESENCIALES DE LA DEMANDA.—De acuerdo con la Ley 11 de Toro para que una persona pueda ser reconocida como hijo natural, es necesario que los padres pudieran casarse *justamente sin dispensación* en la época del parto o de la concepción, y por tanto este es un requisito esencial que debe alegarse en toda demanda de filiación entablada de acuerdo con dicha ley, y careciendo la demanda presentada en este caso de dicha alegación, procede la confirmación de la sentencia apelada declarando dicha demanda sin lugar.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Alfredo Blasco Pagán.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Ernesto Acevedo presentó el 5 de mayo de 1911 una demanda en la Corte de Distrito de Aguadilla contra los herederos desconocidos de José Leopoldo Rafols y Tarrío, en la que alegó tener veinte y dos años de edad y ser hijo ilegítimo de Juana Acevedo y de José Leopoldo Rafols y Tarrío, quien pública y privadamente lo tuvo siempre por hijo suyo, se ocupó de su sostenimiento durante su menor edad, como también de la madre, y que su padre murió soltero en el año 1908. La demanda concluyó con la súplica de que se le declare hijo natural reconocido de José Leopoldo Rafols y Tarrío.

Citados por medio de edictos los herederos desconocidos de dicho José Leopoldo Rafols y Tarrío comparecieron, Juan, Teodomiro y Elena Tarrío formulando excepción previa a la demanda, sin que volvieran luego a hacer gestión alguna en el pleito, ni comparecieran al juicio oral. En éste presentó el demandante la evidencia que estimó pertinente, después de lo cual la corte dictó sentencia desestimando la demanda con las costas, la que ha sido apelada por el demandante Ernesto Acevedo.

Dos fueron las razones que tuvo la corte inferior para dictar su fallo desestimando la demanda, según vemos por la relación que hizo del caso, siendo aquélla, que la demanda no, contiene hechos suficientes que determinen una causa de acción, y que de todos modos la prueba no demostraba el propósito deliberado de reconocer al hijo.

El demandante Ernesto Acevedo nació en 1889, o sea bajo el imperio de la Ley 11 de Toro, según la cual para que una persona pudiera ser reconocida como hijo natural, se requería que los padres pudieran casarse *justamente sin dispensación* en la época del parto o de la concepción. Este es un requi-

sito esencial que debe alegarse en toda demanda de filiación, y así lo ha resuelto ya esta Corte Suprema en el caso de la *Sucesión Díaz* v. *Sucesión Díaz,* 17 D. P. R., 57, en el que se dijo:

"\* \* \* éste no es un pleito entablado con el objeto de probar la condición legal de los demandantes, sino que se presume que tal condición legal es real, empleando en la demanda palabras tales como 'hijos del hijo natural reconocido de dicho Lucas Díaz.' Si se pretendiera identificar el presente pleito con una acción sobre reconocimiento, entonces la demanda resultaría fatalmente defectuosa, por no expresarse en ella la capacidad de los padres para contraer matrimonio, ni el modo de reconocimiento."

La demanda en este caso carece de tal alegación y por consiguiente no aduce todos los hechos necesarios para determinar una causa de acción.

Por este fundamento la sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.